UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QUALITY OIL, INC. | ) FILED: SEPTEMBER 3, 2008 |
| | ) 08CV5006 |
| | ) |
| Plaintiff, | ) JUDGE PALLMEYER |
| | ) MAGISTRATE JUDGE COX |
| v. | )     CAUSE NO. |
| | ) |
| | ) PH |
| KELLEY PARTNERS, INC., d/b/a/ | ) |
| THE OIL WORKS-ELGIN & | ) |
| THE OIL WORKS-BATAVIA, INC.; | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Quality Oil, Inc. ("Quality Oil"), by counsel, for its Compliant against defendants, Kelley Partners, Inc., d/b/a The Oil Works-Elgin & The Oil Works-Batavia ("Kelley Partners") states as follows:

### Parties

1.  Quality Oil is an Indiana corporation, authorized as a lubricants distributor for ExxonMobil Corporation ("Mobil") and supplies Mobil branded products to various operators. Its principal place of business is in Valparaiso, Indiana.

2.  Kelley Partners is an Illinois corporation with a principal place of business in West Chicago, Illinois, and which operated two (2) service stations in Illinois.

### Jurisdiction & Venue

3.  This court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds $75,000.00, and the plaintiff is citizen of Indiana, while the defendant is a citizen of Illinois.

4.  Venue is proper under 28 U.S.C. § 1391(a), (b), and (c).

## Count I – Breach of Contract

5.   Quality Oil reallages and incorporates, as if fully set forth, paragraphs 1 through 4 of this Complaint.

6.   Defendant Kelley Partners is an independent operator of an automotive quick lube facility located in West Chicago, Illinois.

7.   Quality Oil and Kelley Partners entered into a business agreement, identified as a "Product Payback Loan and Supply Agreement," on or about July 1, 2003. A true and accurate copy of the "Product Payback Loan and Supply Agreement" ("Supply Agreement") between Quality Oil and Kelley Partners is attached hereto as "Exhibit A."

8.   The Supply Agreement provides that it is to be governed and construed in accordance with the laws of Indiana.

9.   The Supply Agreement provides, in part, that Kelley Partners will purchase not less than "two hundred twenty-five thousand (225,000) gallons of Mobil motor oil and 225,000 Mobil branded filter within 60 months from the date hereof." (Exhibit A, p. 1.)

10.   As part of the Supply Agreement, Quality Oil loaned Kelley Partners an amount totaling $150,000.00.

11.   The Supply Agreement also provides that, in the event that Kelley Partners fails to meet its supply purchase requirements, an amortized portion of the $150,000.00 loan will become due immediately.

12.   Kelley Partners failed to comply with its purchase of supply requirements under the Supply Agreement, and as a result, the amortized portion of the loan amount immediately due and payable to Quality Oil totals approximately $150,000.00.

13. To date, Kelley Partners has failed or refused to pay the amounts owed to Quality Oil under the Supply Agreement.

WHEREFORE, Plaintiff, Quality Oil, Inc. requests judgment against Defendant, Kelley Partners, in the sum of approximately $150,000.00, plus all additional sums, attorney fees, other amounts provided for under the Supply Agreement and Indiana law, post-judgment interest, costs expended herein, and all other just and proper relief in the premises.

Respectfully submitted,

**SEYFARTH SHAW LLP**

By:    s/ Cintra D. Bentley
      Cintra D. Bentley (Atty. # 6255623)
      **SEYFARTH SHAW LLP**
      131 S. Dearborn Street
      Suite 2400
      Chicago, IL 60603
      (312) 460-5915 phone
      (312) 460-7915 fax
      cbentley@seyfarth.com
      One of the Attorneys for Plaintiff

# EXHIBIT A

# QUALITY OIL, INC.
## VALPARAISO, IN
### PRODUCT PAYBACK LOAN AND SUPPLY AGREEMENT

This Agreement is made and entered into this 1st day of July 2003, by and between Quality Oil, Inc., hereinafter called "Quality Oil" and Kelly Partners, Inc. (d/b/a The Oil Works-Elgin & The Oil Works-Batavia), 4N 365 Waterford Lane, West Chicago, Illinois 60185, hereinafter called "Borrower."

WHEREAS, Borrower has requested that Quality Oil make a loan of cash to assist in the sale of products at Borrower's above business; and

WHEREAS, Quality Oil is willing to loan Borrower certain cash described herein and provide Borrower certain cash described herein and provide Borrower with a source of product supply.

NOW THEREFORE, in consideration of the mutual premises set forth herein, Quality Oil and Borrower agree as follows:

1. **Renewal and Termination.** This Agreement shall become effective upon the execution hereof.

2. **Loan.** Quality Oil agrees to loan, at no charge, the cash amount set forth on attached Exhibit A.

3. **Labels.** Borrower's lubrication equipment shall be labeled with the appropriate Mobil branded product labels.

4. **Purchase of Supply.** Borrower agrees to purchase from Quality Oil or its designee, at competitive prices and terms established from time to time, at least eighty-five percent (85%) of Borrower's requirements of motor oils during the term of this Agreement. Borrower further agrees to purchase not less than two hundred twenty-five thousand (225,000) gallons of Mobil motor oil and 225,000 Mobil branded filters within 60 months from the date hereof. Exxon/Mobil products may be used for all other products needed such as grease, gear oil, and chemicals.

For purpose of this requirement, seven and one-half (7.5) pounds of grease shall be equivalent to one (1) gallon of motor oil. *This Supply Agreement will terminate after 225,000 gallons and 225,000 filters of Exxon/Mobil is purchased, or 60 months, whichever comes first.*

Int'l _MH_    Int'l _RK_

**5. Security Agreement.** Borrower's current lubrication equipment shall be used as collateral in securing the loan and Borrower agrees to execute appropriate UCC financing Statements upon request of Quality Oil.

Borrower shall, at its sole expense, maintain and keep the lubrication equipment in good repair, normal wear and tear expected. Borrower shall keep the equipment free and clear of all liens, encumbrances, pledges and security interests, except as provided for herein, and will not permit the equipment to be removed from the above described location.

Risk of loss, damage to, or destruction of the equipment is at all time on the Borrower.

Quality Oil reserves the right to require Borrower to insure the equipment against such amounts, as Quality Oil shall require. If Borrower shall default in the performance of any convenant hereunder, including the purchase of insufficient gallons of product, Quality Oil may declare payable the unamortized portion of the loan's value as provided on Exhibit A and Borrower shall immediately pay said sum to Quality Oil and Quality Oil shall have all other rights and remedies available under the UCC and otherwise.

The parties agree that, in the event either party brings an action or proceedings to enforce any of the terms of this Agreement, the losing party shall be required to reimburse the prevailing party on demand all costs, attorney fees, and the expenses incurred in such a proceeding. This Agreement shall be governed and construed in accordance with federal and state laws within the state of Indiana.

**6. Premature Termination Penalty.** If Borrower chooses to prematurely terminate this Agreement (i.e. before Borrower purchases 225,000 gallons under Paragraph 4), Quality Oil reserves the right to bill Borrower Paragraph 4 above for the unamortized portion of the loan's value as provided on Exhibit A.

**7. Assignment and Delegation.** Borrower agrees that its rights and duties provided hereunder shall not be assigned or delegated without the prior written consent of Quality Oil, said consent not to be unreasonably withheld. This Agreement shall be binding and inure to the successors of either party. If Borrower transfers any location prior to completing the purchases required under Paragraph 4, the

transferee(s) must continue to purchase the products from Quality Oil until the required purchases have been made. If said transferee(s) does not comply with the foregoing, Borrower may be liable under Paragraph 6 if Borrower does not meet the requirements of Paragraph 4 with Borrower's remaining locations(s).

    **8. Integration.** All prior agreements are hereby superceded, merged and/or canceled in that this Agreement constitutes the complete and final agreement of Borrower and Quality Oil related to the subject matter hereof and shall not be modified by any means whatsoever, except by in writing duty executed by both parties hereto-(see Addendum "A").

    **9. Termination.** Upon Borrower's completing the purchases as set forth n Paragraph 4 above, or the payment of the unamortized portion of the loan's value, this Agreement shall terminate and the loan made hereunder forgiven.

    IN WITNESS HEREOF, both parties have executed this Agreement the day and year first above set forth.

BORROWER: KELLY PARTNERS, INC.  
By: _____  
Print Name: Ronald D. Kelley  
Title: President  
Date: 6-26-03

QUALITY OIL, INC.  
By: _____  
Name: Michael A. Heinold  
Title: Owner / General Manager

EXHIBIT "A"
Kelly Partners Agreement
July 1, 2003

Loan Amount          $150,000
Term                 5 Years
Committed Gallons    225,000
Committed Filters    225,000

The unamortized valve of the loan will be calculated using 60 months as the term.

$150,000    ÷    60 months    =    $2,500.00 month

Any premature penalty will be figured by multiplying the remaining months left on contract times $2,500.00.

i.e. 36 months left on contract    x    $2,500.00    =    $90,000

ADDENDUM "A"

In return for this signed Product Payback Loan and Supply Agreement, Quality Oil shall make final payments for any and all remaining loan agreements between Borrower and the Pennzoil/Quaker State Corporation. Quality Oil will also indemnify the Borrower from any penalties that might be incurred as a result of this loan assumption.

For Quality Oil:                                    For Kelly Partners:

_____                          _____
Michael A. Heinold; Owner & General Manager        Signature

7/7/03                                             President    6-26-03
Date                                               Title & Date